IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DENNIS MAYES, § | |
| No. 2062242, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:21-CV-005-Z-BR |
| § | |
| NFN GONZALEZ, ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO GRANT MOTIONS TO DISMISS**

Plaintiff, Dennis Mayes, filed a complaint naming NFN Gonzalez, NFN Tovar, NFN Mayo, NFN Hamlin, NFN Herrerra, and NFN Mendoza as Defendants. (ECF 1). By order to replead signed March 22, 2023, the Court pointed out the deficiencies in the complaint and ordered that Plaintiff file an amended complaint. (ECF 12). Plaintiff filed his amended complaint (ECF 13) and the Court ordered service (ECF 14). Four of the six Defendants, now fully identified as Adam Gonzales, Joe Tovar, Steven Mendoza, and Justin Mayo, filed a motion to dismiss. (ECF 19). Defendants Shawn Hamlin and Aaron Herrera have also filed a motion to dismiss. (ECF 29). Plaintiff has not filed a response to either motion. Both are ripe for ruling. Having considered the motions, the record, and applicable authorities, the undersigned RECOMMENDS that the motions be granted and that Plaintiff's claims be dismissed.

Plaintiff's Claims

Plaintiff alleges that Defendants violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as under the Religious Land Use and

Institutionalized Persons Act, 42 U.S.C. § 2000cc to 2000cc-5 ("RLUIPA"), because he was not provided a pork substitute for a holiday meal and because he was strip searched along with two other male prisoners in violation of his Islamic beliefs. Plaintiff seeks nominal and punitive damages against Defendants in their individual capacities and declaratory and injunctive relief against them in their official capacities.[1] (ECF 14 at 4).

With regard to the claim concerning a pork substitute, Plaintiff alleges that Christmas and New Year's Day are the only holiday meals where two meats are served. If the extra meat served is pork, those who are Muslim or Jewish or do not eat pork do not get a substitute meat. He quotes from the TDCJ-ID Correctional Managed Health Care Therapeutic Dietary Policy and Procedures Manual of September 2016 noting that the regular menu provides between 2,400 and 2,700 calories, that the pork-free menu provides an alternative whenever a pork or pork-containing item is served, and that the pork-free menu is an elective menu and an offender can choose a pork-free tray at any meal. (ECF 3 at 8).[2]

With regard to his strip search claim, Plaintiff complains about an incident in August 2020 when he and two other inmates were strip searched after a rec period in a semi-private area containing waist-high partitions. Petitioner alleges that he adheres to the Muslim practice of AWRAH, meaning that the portion of the body between the navel and knees must be protected from anyone other than immediate family. He complained to Defendant Herrera and was given the

---

[1] The undersigned does not consider that the Texas Department of Criminal Justice ("TDCJ") is a party to this action. Although Plaintiff did hand write "and TDCJ" on the first page of his amended complaint, he did not list TDCJ as a defendant in the space required on page 3. Nor did the Court grant leave to add any defendants. And, as an instrumentality of the State, TDCJ is immune from suit under the Eleventh Amendment. *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). *See Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974) (*Ex parte Young* provides a limited exception to Eleventh Amendment immunity only for official capacity claims against state actors).

[2] Even though the amended complaint replaced the original, it appears that Plaintiff continues to rely on the exhibits attached to the original complaint.

ultimatum to submit to the search with the others or face discipline. Defendant Mendoza was present during the search. (ECF 13 at 6–7).

## Jurisdictional Challenges

The undersigned does not interpret the amended complaint to be seeking damages against Defendants in their official capacities. Clearly, an official capacity claim in this case is a claim against the State of Texas. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Claims for monetary damages against the State are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). To the extent Plaintiff intended to assert any such claims, they must be dismissed.

RLUIPA does not create a cause of action for damages against defendants in their individual capacities. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 330 (5th Cir. 2009), *aff'd*, 563 U.S. 277 (2011); *Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012). Nor does RLUIPA waive sovereign immunity to allow official capacity damages claims. *Sossamon*, 560 F.3d at 329. The damages claims under RLUIPA must be dismissed.

In order to establish standing to pursue a claim, a plaintiff must show that (1) he has suffered an injury in fact, (2) there is a causal connection between the injury in fact and the conduct complained of, and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). In particular, Defendants point out that a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place. *Okpalobi*, 244 F.3d at 427. And, according to Plaintiff's own pleading, the Defendants he has sued are not responsible for setting food service policy. (ECF No. 19 at 11 & n.5). Accordingly, his claims for injunctive relief in regard to food service must be dismissed.

Failure to State a Claim

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right, and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). The doctrine of *respondeat superior* does not apply to a § 1983 action. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). That means that a defendant cannot be held liable simply because of his position as a supervisor. Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A defendant cannot be held liable merely because he knew of or acquiesced in a subordinate's conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Plaintiff alleges: Warden Gonzalez and Assistant Warden Tovar "allowed continuance of illegal practices after being made aware of them." (ECF 13 at 3). In addition, they "continue to propagate a false narrative" with regard to pork served at holiday meals. (*Id.* at 9–10). Finally, they "actively conspired with food service managers as signature authorities on the attached grievances to further perpetrate this scheme and practice in violation of well established policy." (*Id.* at 11). Captain Mayo, the head of food service (ECF 13 at 4), "continued, supported and defended [the] practice of not providing pork substitute." (*Id.* at 3). Further, Mayo, like Gonzalez and Tovar, "continue[s] to propagate a false narrative," (*id.* at 9), and his actions were unreasonable. Hamlin's actions "were unreasonable in light of the TDCJ Diet Plan which calls for a pork substitute at every meal." (*Id.* at 11). Sergeant Mendoza "refused to intervene despite [Plaintiff] expressing search in presence of other prisoners violated his religious freedom." (*Id.* at 4). These allegations do not provide sufficient facts to establish personal involvement of these defendants in the alleged violations.

There is no question that inmates retain their First Amendment right to exercise religion; however, the right is subject to reasonable restrictions and limitations necessitated by penological goals. *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). For example, a prison need not respond to a particularized dietary request. *See, e.g., Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007); *Udey v. Kastner*, 805 F.3d 1218 (5th Cir. 1986). Courts review prison policies that impinge on fundamental constitutional rights under a deferential standard. *Baranowski*, 486 F.3d at 120. In this case, Plaintiff has not alleged facts that show that any regulation or policy or practice impinged on his right to exercise his religion. He admits that a pork substitute is available at every meal. He is never forced to eat pork. And, the substitute provided includes sufficient calories to provide adequate nourishment. What Plaintiff is complaining about is not being provided an extra portion of meat on one or two days of the year. In addition, he is complaining about a strip search that occurred on one occasion during COVID. By no stretch of the imagination could this create a "substantial burden on religious exercise" as Plaintiff alleges. (ECF 13 at 10). For that reason, Plaintiff has not alleged a violation of RLUIPA either. *Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005) (quoting RLUIPA, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution"); *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004) (a government action or regulation creates a substantial burden if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs; e.g., if it forces the adherent to choose between enjoying some generally available, non-trivial benefit and following his religious beliefs).

With regard to the strip search, Plaintiff alleges that on one occasion "towards the end of COVID restrictions," Defendant Herrera strip searched him along with two other prisoners behind a waist-high partition in the rec yard. (ECF 13 at 6–7). He alleges that Defendant Mendoza refused

5

to intervene despite Plaintiff's protest. (*Id.* at 3–4). He alleges that the search was in violation of prison policy but fails to explain how this is so. (*Id.* at 7). For all of the reasons discussed by Defendants in their motions to dismiss, Plaintiff has not pleaded facts sufficient to establish any violation of his constitutional rights in this regard. (ECF 19 at 19–27; ECF 29 at 18–28). In sum, he has not alleged any facts to show that the search was conducted in an abusive fashion or was unreasonable in light of the circumstances. He has not alleged extraordinary circumstances sufficient to support injunctive relief. *Rizzo v. Goode*, 423 U.S. 362, 379–80 (1976). Nor has he shown reckless or callous indifference or evil intent such as to justify an award of punitive damages. *Thompkins v. Belt*, 828 F.2d 298, 301–02 (5th Cir. 1987). And, nominal damages are appropriate only where a violation of constitutional rights has been shown, which is not the case here. *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1014 (5th Cir. 2003).

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motions to dismiss be granted and the claims of plaintiff, Dennis Mayes, be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 6, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).